R. F. KIRKHAM *v.* STATE COMPENSATION COMMISSIONER

(No. 7786)

Submitted October 11, 1933. Decided October 17, 1933.

*Lilly & Lilly,* for relator.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for respondent.

KENNA, JUDGE:

The petition in this proceeding for a writ of mandamus against the State Compensation Commissioner sets forth, among other things, that prior to July 29, 1932, the relator had been a regular subscriber to the compensation fund. On that day, a letter from relator to the commissioner was received by which the relator notified the commissioner of his election to withdraw from the fund. The petition sets forth that on that day there was a deposit remaining with the commissioner to the credit of relator of $180.93, and that all premiums of the relator had been paid up to that date. The petition goes on to recite that demand has been made upon the commissioner for the return of this deposit, to which the relator is entitled, and that the commissioner has refused to comply with the demand. Mandamus is sought to compel the return of the $180.93 deposit claimed by relator.

The commissioner, in his return, sets up, among other things, that in making his election, the relator signed the regular blank form required by the commissioner which contains the following stipulation:

> "In case the subscriber under this election hereafter elects to withdraw from said Fund, the deposit required to be maintained hereunder shall be retained by the Commissioner until the liability upon all claims arising under this election and the amount necessary to pay same to maturity, have been determined. In case premiums paid shall be insufficient to pay said liability, the Commissioner is given authority to apply to payment of same the deposit herein referred to, and if there is a balance of deposit remaining after providing for payment of all of said liability, such balance shall be returned to the subscriber."

The return then sets forth that there are unsettled liabilities incurred by the commissioner under the relator's election, and that the commissioner has retained the deposit on account thereof.

The terms embodied in the quoted part of the election required by the commissioner are not required by the statute. Neither is there express statutory authority for the commissioner to make such a contract. Nevertheless, we believe that the stipulations of the blank form of election, which are herein quoted, are reasonable and are within the power of the commissioner to impose. In addition, they are such stipulations as might reasonably enter into the calculations of the commissioner in fixing either the group or individual rating of the applicant for membership in the fund. Without regard, therefore, to the other matters alleged by the commissioner in justification of his retention of the deposit, we believe that he was justified in retaining the deposit on account of the stipulations of the agreement of election on the part of the relator, and the outstanding liabilities incurred in consequence of relator's election to subscribe to the fund. We do not believe that it would be equitable to permit the relator to become a subscriber to the fund under an express agreement that his deposit could be used to cover liabilities incurred by the fund in consequence of his election at the time of his withdrawal and, then, upon withdrawal, to take a position inconsistent with the express terms of the paper he signed when he became a member. Therefore, the writ of mandamus will be refused.

*Writ refused.*